IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-324-FL-1
NO. 5:16-CV-519-FL

| | |
|---|---|
| DOUGLAS THOMAS ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, (DE 64), which challenges petitioner's judgment of conviction in light of the Supreme Court's rulings in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 87). The issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss and dismisses petitioner's motion.

## BACKGROUND

On March 1, 2010, petitioner pleaded guilty to the following: 1) conspiracy to commit robbery within a special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 371; 2) robbery within a special maritime and territorial jurisdiction of the United States and aiding and abetting same, in violation of 18 U.S.C. §§ 2111 and 2; 3) brandishing a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and 4) robbery within a special maritime and territorial jurisdiction of the United States and aiding and abetting same, in violation of 18 U.S.C. §§ 2111

and 2.  On June 11, 2020, the court sentenced petitioner to 147 months' imprisonment and five years' supervised release.  Petitioner did not appeal his judgment of conviction.

On June 24, 2016, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Johnson.  At respondent's request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019).  On July 22, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion.  That same day, the court granted petitioner's motion to appoint counsel pursuant to Standing Order 15-SO-2.  On August 30, 2019, the Federal Public Defender moved to withdraw from representing petitioner, noting that it did not intended to present any motions to the court.  The court granted the motion to withdraw on September 1, 2019.  On December 31, 2019, respondent filed the instant motion to dismiss.  Petitioner did not respond to the motion to dismiss.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(ii). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

The predicate offense underlying petitioner's § 924(c) conviction is robbery within a special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2111. Section 2111 provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the

person or presence of another anything of value, shall be imprisoned not more than fifteen years." 18 U.S.C. § 2111. The Fourth Circuit has held that Armed Bank Robbery, 18 U.S.C. § 2113(a), which contains materially identical definition of robbery, qualifies as a crime of violence under § 924(c)(3)(A). See United States v. McNeal, 818 F.3d 141, 152-53 (4th Cir. 2016). Accordingly, petitioner's predicate offense is a crime of violence under § 924(c)(3)'s force clause and he is not entitled to habeas relief. See id.; see also United States v. Fultz, 923 F.3d 1192, 1197 (9th Cir. 2019); United States v. Ben, 783 F. App'x 443 (5th Cir. 2019).[1]

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

---

[1] Petitioner also asserts that his § 924(c) conviction should be vacated because conspiracy to commit robbery (his conviction on count one) does not qualify as a crime of violence under § 924(c)(3)'s force clause. As set forth above, the predicate crime supporting petitioner's § 924(c) conviction is robbery in a special maritime or territorial jurisdiction of the United States, not conspiracy to commit robbery.

4

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 87), and DISMISSES petitioner's motion to vacate, set aside or correct sentence, (DE 64). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of February, 2020.

                                              _____
                                              LOUISE W. FLANAGAN
                                              United States District Judge